**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CARMAN J. NEAL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-CV-0479-CVE-JFJ** |
| | ) | |
| **RESOURCE CORPORATION OF AMERICA & RECOVERY OF TEXAS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Now before the Court is Plaintiff's Motion for Remand and Brief in Support (Dkt. # 9). Plaintiff Carman J. Neal claims that defendant Resource Corporation of America & Recovery of Texas, LLC should have been on notice as early as May 2026 that his damages exceeded $75,000, because he disclosed a basis to calculate his damages in a discovery response and defendant failed to remove the case within 30 days of the date that plaintiff's damages first exceeded $75,000. Dkt. # 9. Defendant responds that it no duty to investigate plaintiff's damages, and defendant timely removed the case after plaintiff filed an amended petition in July 2026 disclosing that he seeks damages in excess of $75,000. Dkt. # 13.

On August 14, 2024, plaintiff filed a one page petition in Tulsa County District Court alleging a claim under OKLA. STAT. tit. 63, § 427.8, and the petition merely stated that plaintiff seeks damages "in a sum in excess of $10,000 . . . ."[1] Defendant took the position that the state court lacked subject matter jurisdiction over the case, because this case presents an employment dispute

---

[1] Plaintiff alleges that he was wrongfully terminated after testing positive for marijuana, because he was fired after testing positive for marijuana, even though he possesses a valid medical marijuana license issued by the state of Oklahoma. Dkt. # 2-2, at 1.

involving a Native American employer who was subject to the restrictions of the Drug Free Workplace Act of 1988. Dkt. # 2-9, at 3. Defendant also filed a motion to dismiss on the ground that the state court lacked subject matter jurisdiction to hear the case. Id. at 8. The state court denied defendant's motion to dismiss, but defendant continued to litigate the issue of the state court's subject matter jurisdiction. Id. at 20. Defendant had sought discovery concerning the basis for and amount of plaintiff's damages, but the state court docket sheet does not show that defendant filed a motion to compel additional discovery on this matter or clarify the amount in controversy prior to its first attempt at removal. Dkt. # 2-5, at 2; Dkt. # 2-8. On August 29, 2025, defendant filed a notice of removal on the basis of federal question jurisdiction and diversity jurisdiction. Id. at 153-56. Plaintiff filed a motion to remand and, on March 30, 2026, District Judge Sara Hill remanded the case to state court. Judge Hill found that the case did not involve a substantial federal question, and there was no basis to exercise federal question jurisdiction over the case. Dkt. # 2-3. As to the amount in controversy, defendant argued that plaintiff failed to specifically allege whether the amount in controversy exceeded $75,000, and defendant claimed that "plaintiff conceded to the jurisdictional amount because he did not deny it was met . . . ." Id. at 11. Judge Hill determined that a removing defendant could not satisfy its burden to show the existence of diversity jurisdiction by a plaintiff's omission, and defendant failed to show that the amount in controversy exceeded $75,000.

Defendant filed a motion in state court to strike plaintiff's petition due to his failure to allege whether he was seeking damages in excess of $75,000. Dkt. # 2-9, at 349. Plaintiff responded that his discovery requests put defendant on notice of the amount in controversy, and plaintiff offered a convoluted argument explaining why he believed he had no statutory obligation to clarify the amount

in controversy. Dkt. # 2-7, at 3-4. Prior to defendant's first removal, the parties engaged in discovery and defendant asked plaintiff to specify the amount of damages he was seeking. Dkt. # 2-9, at 326. Plaintiff responded that he was seeking "$15/hr x 40 hrs/wk, plus benefits. Also, emotional distress and other general and/or liquidated damages. In excess of $20,000 at this point." Id. In post-remand litigation, the state court rejected plaintiff's arguments and ordered him to file an amended petition clarifying his demand for damages. Dkt. # 2-4. Plaintiff complied with the order and, on July 16, 2026, he filed an amended petition clarifying that he was seeking damages in excess of $75,000. Dkt. # 2-1. Defendant filed a renewed notice of removal (Dkt. # 2) within 30 days of the filing of plaintiff's amended petition.

A notice of removal must be filed "within 30 days after receipt by the defendant . . . of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removeable." 28 U.S.C. § 1446(b)(3). However, a case may not be removed on the basis of diversity jurisdiction more than one year after it was originally filed unless the court finds that the "plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c). The Tenth Circuit has not interpreted the term "bad faith" as it is used in § 1446, but other federal appellate courts have considered this issue. A defendant can show bad faith when a plaintiff intentionally fails to disclose whether the amount in controversy exceeds the jurisdictional amount or engages in conduct designed to prevent removal. Chavez v. Time Warner Cable, 728 F. App'x 645, 647 (9th Cir. Mar. 22, 2018) (plaintiff's counsel waited for more than a year to file a statutorily required notice and refused to clearly state whether the amount in controversy exceeded $75,000). A district court can consider whether the removing defendant diligently sought information to determine whether the amount in controversy exceeded the

jurisdictional amount as part of the bad faith analysis. Hajdasz v. Magic Burgers, LLC, 805 F. App'x. 884, 889-90 (11th Cir. Mar. 11, 2020).

Plaintiff argues that the case should be remanded due to defendant's failure to remove the case when defendant should have been on notice that plaintiff's demand for damages exceeded $75,000. Dkt. # 9, at 2. According to plaintiff, he answered an interrogatory by providing a calculation of his estimated weekly pay, and defendant could have used "basic arithmetic" to determine the moment his damages exceeded $75,000. Id. Defendant responds that it had no duty to conduct an investigation to determine when the case became removable, and the case did not become removable until plaintiff provided clear and unequivocal notice that he was seeking damages in excess of $75,000. Dkt. # 13, at 3-4. The Tenth Circuit has been clear that notice of the amount in controversy must be "clear and unequivocal" to make a case removable, and the 30 day clock cannot be triggered by vague evidence that a plaintiff might be seeking damages in excess of the jurisdictional amount. Paros. Props. LLC v. Colorado Cas. Ins. Co., 835 F.3d 1264, 1269-70 (10th Cir. 2016). A defendant has no duty to investigate the plaintiff's claims and independently determine whether the amount in controversy exceeds $75,000, and the 30 day clock begins to run when the plaintiff provides clear and unequivocal notice of the amount in controversy. Akin v. Ashland Chem. Co., 156 F.3d 1030, 1035-36 (10th Cir. 1998).

Plaintiff's discovery response concerning his estimated damages did not create a duty for defendant to continuously monitor the potentially increasing amount of damages, and the Court rejects plaintiff's argument that defendant failed to remove the case within 30 days of receiving a "paper" providing notice of the amount in controversy. The Tenth Circuit could not be clearer that the plaintiff bears the responsibility of providing clear and unequivocal notice of the amount in

controversy to trigger the 30 day clock for removal, and the record in this case establishes that plaintiff first demanded damages in excess of $75,000 in his amended petition filed on July 16, 2026. Defendant filed a notice of removal on August 5, 2026, and this establishes that the notice of removal was filed within 30 days of an amended pleading making the case removable.

Plaintiff also argues that defendant has failed to show that he acted in bad faith in an attempt to defeat removal jurisdiction. Dkt. # 9, at 3. This argument is also based on plaintiff's premise that he fully disclosed the basis for his damages, and he claims he made no attempt to hide that he could be seeking damages in excess of $75,000 at some point during the proceedings. Id. Defendant responds that plaintiff repeatedly refused to provide a clear statement of whether he was seeking damages in excess of $75,000, and he provided this information only after the state court ordered plaintiff to file an amended petition resolving this issue. Dkt. # 13, at 7-8. The Court notes that plaintiff's counsel has a history of engaging in gamesmanship with the amount in controversy, and defendant's complaints about plaintiff's counsel's conduct are not unique. Partin v. Marmic Fire & Safety Co., Inc., 2017 WL 2931401 (N.D. Okla. July 10, 2017) (plaintiff's counsel engaged in delay tactics and outright refused to comply with a state court order to state whether the palintiff was seeking damages in excess of $75,000); Aulestia v. Nutek Disposables, Inc., 2015 WL 632073 (N.D. Okla. Feb. 13, 2015) (noting that plaintiff's counsel engaged in "discovery gamesmanship of which this Court has previously expressed displeasure").

Plaintiff's counsel engaged in similar gamesmanship in this case, but the Court concludes that this does not constitute bad faith under the facts of this case. Defendant originally attempted to remove this case to federal court primarily on the basis of federal question jurisdiction, and defendant made a cursory attempt to show that plaintiff was seeking damages in the jurisdictional

amount. Judge Hill noted that defendant raised the issue of the amount in controversy for the first time in its response to plaintiff's motion to remand, and the original notice of removal made no attempt to show that the amount in controversy exceeded $75,000. Dkt. # 2-3, at 11. Defendant made no substantial effort to seek out information concerning the amount in controversy until Judge Hill remanded the case to state court. Judge Hill remanded the case on March 30, 2026, which was already more than a year and a half after the case was originally filed. Plaintiff subsequently delayed in provided a clear statement whether he was seeking damages in excess of $75,000, but the case had already been pending for more than a year and was no longer removable on the basis of diversity jurisdiction. 28 U.S.C. § 1446(c)(1). The Court finds that defendant's lack of diligence, rather than any bad faith on the part of plaintiff, caused the delay in the filing of an amended pleading providing a clear statement of the amount in controversy. Hajdasz, 805 F. App'x. at 889-90. Defendant's second attempt at removal cannot be deemed timely under § 1446, and the case will be remanded to state court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Remand and Brief in Support (Dkt. # 9) is **granted**, and this case is **remanded** to Tulsa County District Court.

**DATED** this 30th day of October, 2026.

Claire V. Eagan

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE